## KERR *v.* WELLS et al.

Where the certificate of a notary, dated on the day on which the protest of a note was
made, recites, that the parties *have been* duly notified of the protest thereof, by notices put
into the post-office in time to go by the first mail, after the protest &c., it must be under-
stood as certifying that the notices were mailed on the day of protest, and that they had
been mailed at the time the certificate was signed.

KERR
v.
WELLS.

Where the endorser of a note unites with the maker, in mortgaging to the payee property which they owned jointly, to secure its payment, a subsequent discharge of the endorser, by the *laches* of the holder, will release the endorser from any personal liability for the debt ; but the holder of the note will be entitled to the benefit of his mortgage.

APPEAL by *T. J. Wells*, one of the defendants, from a judgment of the District Court of Rapides, *Cushman*, J. *O. N. Ogden*, for the plaintiff. *Elgee* and *Hyams*, for the appellant, contended that the notice of protest in this case was insufficient to bind the endorser, citing *Mechanics Bank* v. *Walton*, 7 Rob. 452. *Palmer* v. *Lee*, 7 Ib. 538. *Marsoulet* v. *Jacobs*, 6 Ib. 283. *Harris* v. *Allnut*, 12 La. 467. The judgment of the court was pronounced by

SLIDELL, J. This is an action against *J. T. Wells*, as the endorser of several promissory notes. The respective certificates of notice are as follows: " I do hereby certify that the parties to the above note have been duly notified of the protest thereof, by notices to them by me addressed, dated on the day of said protest, and served in the manner following, viz : *Monfort Wells*, the drawer, and *Thos. J. Wells*, the endorser, at Alexandria, and at Cheneyville, Louisiana, having sent each two notices, which I put into the post-office of this city, in time to go by the first mail after said protest. In faith whereof, I have hereunto signed my name, together with *A. C. Ainsworth* and *William Shannon*, witnesses, at New Orleans, this twentieth January, 1845." Then follow the signatures of the witnesses and notary. All are in the same terms, except that in one is used the equivalent expression ' thereafter,' instead of ' after said protest.' In every case the date of the certificate of notice is the same day as that of the maturity of the note, with a single exception, which will be hereafter noticed.

The objection made is that, under the statute, the notary should state at what time he put the notice into the post-office, so that the court may judge whether the notice was timely; and that as to the notice being in time or not for the first mail, a simple declaration of the notary to that effect is not sufficient. It is very true that the notary should state the date at which he mailed the notice, but the enquiry is, has he done so in this case ? The certificate is to be considered, in all its parts. The date of the protest and the date of the certificate are the same. In certifying, on the 20th January, 1845, that the endorser had been notified of a protest made on that day, the notary undoubtedly certifies that the notice was mailed on that day. When he makes and signs his certificate, the act of mailing has been done. He certifies an act done, and not an act to be done. To dispute this, and say that the notice may not have been mailed until after the certificate was signed, is to declare the certificate false. The certificate is unimpeached by other evidence, and we consider it as showing that this notice was mailed on the day of protest. As to the argument that the notice ought to have been mailed the day after the protest, if it be meant to object to the notice as being given too early and too diligently, we can only say that we cannot believe such a point to be put seriously.

As to one of the notes there has been *laches*. It was due on the 20 December, 1844, and was not protested, nor notified, until the 20 January, 1845. The personal liability of the endorser is therefore discharged ; but as he united with the maker in a mortgage of certain property, of which they were joint owners, to secure the payment of this note, the plaintiff is entitled to the benefit of his mortgage.

KERR
*v.*
WELLS.

It is therefore decreed that so much only of the judgment appealed from be reversed, as condemns the appellant, *Thomas J. Wells,* personally, to pay the sum of $2,205 91, with interest from 20 December, 1844, being the amount of the promissory note of said *M. Wells,* endorsed by said *Thomas J. Wells,* for $2,205 91, dated August 31, 1842, and payable 17–20 December, 1844; and that upon so much of the plaintiff's claim against the said defendant personally, as is founded on said note, there be judgment in favor of the said defendant, *Thomas J. Wells.* And it is further decreed that so much of the said judgment as recognises a mortgage in favor of the said plaintiff upon the property mortgaged by the said *M. Wells* and *Thomas J. Wells* be amended, only as to the allowance of interest upon the note herein above described, so as to allow said interest only from the 20 January, 1845, upon the said sum of $2,205 91. And it is further decreed that, in all other respects, the judgment appealed from be affirmed; the plaintiffs paying the costs of this appeal.